UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE HUDSON,<br><br>              Plaintiff,<br><br>   v.<br><br>PEREZ,<br><br>              Defendant. | CASE NO.   1:11-cv-02066-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 1)<br><br>CLERK TO CLOSE FILE<br><br>DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Michael Wayne Hudson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on December 15, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 7.)  Plaintiff's Complaint is now before the Court for screening.

/////

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff alleges, as against sole Defendant Correctional Officer Perez (Compl. at 2), as follows:

On May 21, 2008, while Plaintiff was absent from his cell, Defendant Perez, a Correctional Officer at Kern Valley State Prison ("KVSP"), negligently allowed Plaintiff's cell-mate to remove Plaintiff's personal property from the cell. This action deprived Plaintiff of the

property in violation of his unspecified federal rights. (Id. at 2, 5.) He complained to staff, who immediately retrieved some of the property taken and returned it to Plaintiff. (Id. at 6, 23-24.) According to Plaintiff, not all of his property was returned. (Id. at 23-24.)  He grieved the property deprivation through the prison appeal process. (Id.) His appeal was denied at the Director's Level. (Id.)  He also  filed a related complaint in Kern County Superior Court on February 8, 2009; it was dismissed as "abandoned" on June 24, 2011. (Id. at 48.)

He seeks the value of property taken, damages for emotional stress and pain, compensatory damages of $15,000 and punitive damages of $15,000. (Id. at 3.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions

are not. Id. at 1949–50.

### B.     Negligent Property Deprivation

Plaintiff alleges Defendant negligently allowed his property to be taken.

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

However, the Due Process clause "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). A mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. (Id. at 330-31). The protections of the Fourteenth Amendment are not triggered "by lack of due care by prison officials." (Id. at 333.)

Plaintiff is not, however, left without a remedy. "That injuries inflicted by governmental negligence are not addressed by the United States Constitution is not to say that they may not raise significant legal concerns and lead to the creation of protectable legal interests. The enactment of tort claim statutes, for example, reflects the view that injuries caused by such negligence should generally be redressed. It is no reflection on either the breadth of the United States Constitution or the importance of traditional tort law to say that they do not address the same concerns." (Id.)

California Law provides Plaintiff with an adequate post-deprivation remedy for any property loss. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810– 895). It is unclear whether Plaintiff has satisfied the state claims filing requirement

that is a pre-requisite to litigation.[1] State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1239 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff did file a lawsuit in state court against Defendant Perez but ultimately abandoned it.

Plaintiff cannot state a federal claim against Defendant for negligence relating to the alleged property loss. The Court need not address the viability of Plaintiff's state law claim because it will not exercise supplemental jurisdiction over any state law claim given Plaintiff's inability to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hod Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)).

Plaintiff fails to state a federal claim for negligent deprivation of his property in violation of his Fourteenth Amendment rights. There being no foreseeable basis upon which Plaintiff could correct the defects in his claim and assert the negligent deprivation of property as a federal civil rights cause of action, leave to amend would be wholly futile.[2] His claim will be dismissed. Although he may not amend to try to assert such a claim in this Court, his

---

[1] California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2.

[2] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied where the court determines that "the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

Complaint will be dismissed without prejudice so that he may, if he wishes, attempt to pursue his claim in another forum if appropriate.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any § 1983 claim upon which relief may be granted against Defendant. Leave to amend would be futile for the reasons set out above and will not be granted. Plaintiff's claim should dismissed without prejudice.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This action shall be dismissed without prejudice for failure to state a claim,

2. Dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and

3. The Clerk shall close the file in this case.

IT IS SO ORDERED.

Dated:   April 23, 2012                      /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE